THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROZA HILLS VINEYARDS, LLC, a Washington limited liability company,<br><br>      Plaintiff,<br> v.<br>WELLS FARGO, N.A.,<br><br>      Defendant. | CASE NO. C20-1405-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Wells Fargo, N.A.'s[1] motion for summary judgment (Dkt. No. 10) and Plaintiff Roza Hills Vineyards LLC's Rule 56(d) motion to stay consideration of the summary judgment motion (Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part Plaintiff's Rule 56(d) motion and DENIES without

---

[1] In a footnote in its motion for summary judgment Defendant requests that the Court amend the case caption to name "Wells Fargo Bank, N.A." as the defendant rather than "Wells Fargo, N.A." (*See* Dkt. No. 10 at 1.) Defendant's footnote does not cite any authority in support of its request, and Plaintiff's briefing does not respond to it. The Court declines to address this issue in the absence of more fulsome briefing, but the Court DIRECTS the parties to meet and confer to determine whether they can resolve this issue without the Court's intervention, such as by stipulating that Plaintiff may amend the complaint under Federal Rule of Civil Procedure 15(a)(2). If the parties cannot resolve this issue without Court intervention, Defendant may renew its request in a motion.

ORDER
C20-1405-JCC
PAGE - 1

prejudice Wells Fargo's motion for summary judgment for the reasons explained herein.

## I. BACKGROUND

In December 2019 and January 2020, Roza Hills Vineyards wired $70,000 dollars to three accounts at Wells Fargo, which it believed were owned by McCallen & Sons, Inc. (Dkt. 1-1 at 3.) On January 9, 2020, Roza discovered that McCallen did not own the accounts, and Roza's account manager had been tricked into sending the money by an individual posing as Roza's manager. (*Id.* at 3–4.) When Roza discovered the error, it contacted McCallen & Sons and Wells Fargo to try to get the money back. (*Id.* at 4.) Wells Fargo ultimately returned $28,421.03. (*Id.* at 4–5.) Unsatisfied with that recovery, Roza filed a complaint in King County Superior Court alleging that Wells Fargo is liable for the full amount of the transfers under UCC Article 4A, chapter 62A.4A RCW, and that its "refusal to return the wired funds" violates Washington's Consumer Protection Act, RCW 19.86.020. (*Id.* at 5–10.)

Shortly after the case was removed to federal court, and before discovery began, Wells Fargo moved for summary judgment, arguing that it did not violate the UCC and that Roza's CPA claim should be dismissed. (*See generally* Dkt. No. 10.) In response, Roza filed a motion under Federal Rule of Civil Procedure 56(d) requesting that the Court stay consideration of the summary judgment motion "until the completion of discovery." (Dkt. No. 11 at 1.)

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law," and a dispute of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment . . . bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986). Once the moving party meets its burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must "show[] that the materials cited do not establish the absence . . . of a genuine dispute" or "cit[e] to particular parts of . . . the record" that show there is a genuine dispute. Fed. R. Civ. P. 56(c). When analyzing whether there is a genuine dispute of material fact, the "court must view the evidence 'in the light most favorable to the opposing party.'" *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

A party opposing summary judgment that "cannot present facts essential to justify its opposition" has another option: it may request that the Court delay consideration of the summary judgment motion so that it may conduct further discovery. Fed. R. Civ. P. 56(d). "A party requesting a continuance pursuant to Rule 56(f) [2] must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and Cty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006). The party must also present "some basis for believing that the information sought actually exists." *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986). An affidavit based on speculation does not suffice, *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998), nor does "[t]he mere hope that further evidence may develop prior to trial," *Cont'l Mar. of S.F. v. Pac. Coast Metal Trades Dist. Council, Metal Trades Dep't, AFL-CIO*, 817 F.2d 1391, 1395 (9th Cir. 1987).

//
//

---

[2] In 2010, Rule 56(f) was renumbered to Rule 56(d). Rule 56(d) "carries forward without substantial change the provisions of former subdivision (f)," so authority applying former Rule 56(f) applies equally to Rule 56(d). Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment.

## III. DISCUSSION

### A. UCC Claim

The Court's resolution of the pending motions is complicated by the fact that the parties appear to misunderstand each other. The gravamen of Roza's complaint is that Wells Fargo should not have allowed its customers to withdraw the funds Roza erroneously transferred because the accounts into which the funds were deposited were not associated with McCallen & Sons, Roza and Timberland informed Wells Fargo of the mistake before Wells Fargo's customers withdrew the funds, and Wells Fargo assured them the funds would be frozen. (*See* Dkt. No. 1-1 at 4–6.). In other words, Roza's central complaint is that "Wells Fargo knew of the account number/account name discrepancies at points in time when it would still have been possible for them to prevent the hacker from converting the funds" but did not do so. (Dkt. No. 12 at 2.)

The UCC provisions Roza cites do not appear to address whether Wells Fargo should have allowed its customers to withdraw the funds. Instead, they appear to govern whether Wells Fargo should have accepted the funds from Timberland in the first place. But the Court need not determine the scope of the UCC now because Wells Fargo did not move to dismiss or for judgment on the pleadings. Instead, Wells Fargo moved for summary judgment based on its misunderstanding that Roza's UCC claim "rests solely on the allegation that Wells Fargo should not have accepted the four wires in the first place" and that whether Wells Fargo "could have prevented the hacker from converting the funds after deposit . . . is not what this case is about." (Dkt. No. 14 at 5.) Thus, Wells Fargo's summary judgment motion focuses exclusively on a single issue with respect to the UCC: whether Wells Fargo knew at the time it accepted the payment orders from Timberland that the name and account numbers in the payment orders did not match. (*See* Dkt. No. 10 at 5–6.) Roza's Rule 56(d) motion, in turn, is largely nonresponsive because it focuses on whether Wells Fargo knew about the mismatch between the name and account number before its customers withdrew the funds, even if it learned of that fact after

Wells Fargo accepted the funds. (*See* Dkt. No. 12 at 2–4.)

Rather than sort out the confusion *sua sponte*, the Court concludes that the best approach is to address the narrow overlap between Roza's complaint, Wells Fargo's motion for summary judgment, and Roza's Rule 56(d) motion.

Although Roza's complaint focuses on Wells Fargo allowing its customers to withdraw the funds, read in the light most favorable to Roza, there is one allegation that alleges that Wells Fargo should not have accepted a payment from Timberland because it knew that the name and account number on the payment order differed. Specifically, Roza alleges that a Wells Fargo employee told Roza that "the Bank . . . flagged the incoming wire transfer from December 24 due to the fact that the name on the payment order (McCallen) did not match the name on the account . . . to which it was directed." (Dkt. No. 1-1 at 4.) Therefore, for this transfer order, Roza alleges that Wells Fargo knew about the mismatch between the name and account number at the time of payment (i.e., when it was "incoming").

Wells Fargo offers declarations in support of its motion for summary judgment from two Wells Fargo employees that state, in relevant part, that Wells Fargo automatically deposits transferred funds into the account associated with the account number on the incoming payment order. (*See* Dkt. Nos. 10-1 at 2, 15 at 2.) They state that Wells Fargo followed that process here and that "Wells Fargo did not know that the account numbers and account names on the wire transfer orders did not match." (Dkt. No. 15 at 2.) But these declarations do not show the absence of a genuine dispute of material fact because Roza alleges that a Wells Fargo employee told Roza that Wells Fargo knew about the discrepancy when the December 24 transfer was "incoming." (Dkt. No. 1-1 at 4.) Therefore, whether Wells Fargo was aware of the mismatch between the name and account number when the December 24 transfer occurred is disputed. To be sure, mere allegations cannot prevent summary judgment, and Roza did not come forward with evidence sufficient to create a *genuine* dispute of material fact. *See Anderson*, 477 U.S. at 248. But Roza could not have presented that evidence without an opportunity to obtain it from

Wells Fargo. *See* Fed. R. Civ. P. 56(d). Thus, Roza requests that the Court allow it to depose the Wells Fargo employee so that it can provide "evidence of the Bank's knowledge of the account name / number discrepancy." (Dkt. No. 11 at 2, *see also* Dkt. No. 12 at 4.) Because evidence that Wells Fargo knew of the discrepancy between the name on the account and the account number at the time of the December 24 transfer could prevent summary judgment, the Court GRANTS Roza's Rule 56(d) motion and DENIES without prejudice Wells Fargo's motion for summary judgment regarding Roza's UCC claim.[3]

Roza requests that the Court defer consideration of Wells Fargo's motion for summary judgment "until the completion of discovery." (Dkt. No. 11 at 1.) To the extent Roza requests that the Court bar Wells Fargo from filing a new summary judgment motion until after the discovery deadline, this request is DENIED. Wells Fargo may file a motion for summary judgment "at any time" it deems appropriate after Roza takes the deposition of the Wells Fargo employee who allegedly told Roza that Wells Fargo flagged the December 24th wire transfer

---

[3] Wells Fargo argues that the Court should deny Roza's Rule 56(d) motion because Roza's affidavit in support of its motion does not identify the specific facts further discovery would reveal but rather "'merely identifie[s] pieces of discovery yet to be obtained and depositions yet to be taken.'" (Dkt. No. 14 at 4 (quoting *Sanders v. Laidlaw Educ. Servs.*, 323 F. App'x 521, 523 (9th Cir. 2009)).) Wells Fargo is correct that much of Roza's affidavit in support of its Rule 56(d) motion is deficient because it lists the individuals from whom Roza seeks discovery but does not specify what evidence it hopes to find or explain how that evidence would preclude summary judgment. For example, Roza's statement that "Plaintiff . . . wants to subpoena documents from Timberland Bank" is plainly deficient. (Dkt. No. 12 at 4.) Wells Fargo is also correct that the Court *may* deny a Rule 56(d) motion based on a party's failure to make a sufficient showing under Rule 56(d). *See Tatum*, 441 F.3d at 1100. Here, however, the Court reads Roza's request in its affidavit to depose Wells Fargo employees in the context of Roza's allegation in the complaint that a Wells Fargo employee informed Roza that Wells Fargo discovered the name and account number mismatch when the December 24 payment order was "incoming." (*See* Dkt. No. 1-1 at 4.) To deny Roza's Rule 56(d) motion because Roza failed to copy this allegation into the affidavit would elevate form over substance and would contravene the Court's preference to resolve cases on the merits. This is not a case where Roza has entirely failed to explain what discovery is necessary or why it would preclude summary judgment. Therefore, the Court concludes that the portion of Roza's affidavit requesting to depose the Wells Fargo employee that told Roza Wells Fargo flagged the incoming December 24 transfer is adequate.

1  while it was incoming. Fed. R. Civ. P. 56(b). If Roza believes that that motion is premature, it
2  may file another Rule 56(d) motion.
3        In granting Roza's Rule 56(d) motion regarding the December 24 wire transfer, the Court
4  does not address the propriety of the written discovery requests Roza served or the other
5  categories of discovery Roza lists in its affidavit that appear to be directed at establishing that
6  Wells Fargo knew about the discrepancy in the account number and name after deposit but
7  before its customers withdrew the funds. As noted earlier, that issue has not been presented to the
8  Court.
9        **B.  CPA Claim**
10       In light of the Court's disposition of the parties' motions with respect to Roza's UCC
11 claim, the Court also DENIES without prejudice Wells Fargo's motion for summary judgment
12 regarding Roza's CPA claim. Wells Fargo makes two arguments regarding Roza's CPA claim:
13 (1) Wells Fargo complied with the law and industry practice, so it did not act unfairly or
14 deceptively and (2) Wells Fargo's alleged misconduct did not have an impact on the public
15 interest. (*See* Dkt. No. 10 at 7–8.) Wells Fargo does not offer any authority in support of its
16 argument that it did not engage in any unfair or deceptive acts or practices under the CPA, much
17 less any authority holding that compliance with industry practice is an absolute defense to a CPA
18 claim. Presumably, an industry practice could be unfair or deceptive. Further, whether Wells
19 Fargo complied with the law is an open question because Wells Fargo moved for summary
20 judgment on only one narrow claim in Roza's complaint and the Court granted Roza additional
21 time to conduct discovery on that claim. Wells Fargo's second argument regarding Roza's CPA
22 claim appears to be aimed at the sufficiency of the pleadings rather than whether there is a
23 genuine dispute of material fact. (*See* Dkt. No. 10 at 7–8 (citing cases dismissing CPA claims
24 based on failure to plead public interest impacts).) There is a split in authority on whether the
25 Court may convert a motion for summary judgment to a motion to dismiss, and the Court
26 declines to do so here. *Compare Ríos-Campbell v. U.S. Dep't of Commerce*, 927 F.3d 21, 25 (1st

Cir. 2019) ("[W]e know of no authority that allows for the . . . conversion of a summary judgment motion into a motion to dismiss for failure to state a claim."), *with Schwartz v. Compagnie Gen. Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968) ("Where appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment."). To the extent Wells Fargo's arguments are directed at Roza's inability to provide *evidence* of a public interest impact at this stage of the litigation, the Court concludes that the motion is premature as Roza has not been able to engage in any discovery, which would be necessary to demonstrate a public interest impact. Therefore, the Court DENIES without prejudice Wells Fargo's motion for summary judgment regarding Roza's CPA claim.

## IV.  CONCLUSION

For the foregoing reasons, Wells Fargo's motion for summary judgment (Dkt. No. 10) is DENIED without prejudice and Roza Hills Vineyards' Rule 56(d) motion for a continuance (Dkt. No. 11) is GRANTED in part.

Because the parties' briefing did not squarely address Roza's central claim, the Court ORDERS the parties to brief whether Wells Fargo may be liable to Roza under the UCC or otherwise if Wells Fargo learned that the names and account numbers did not match after the funds were transferred to Wells Fargo but before they were withdrawn from the accounts by Wells Fargo's customers. Defendant's supplemental brief shall be filed by January 15, 2021 and Plaintiff's supplemental brief shall be filed by January 29, 2021.

DATED this 15th day of December 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE